# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SAMANTHA SURDIN,**

      **Plaintiff,**

**v.**                                                                                    Case No:   6:16-cv-824-Orl-31KRS

**CAPFA CAPITAL CORP. 2000F and**
**ASSET CAMPUS HOUSING, INC.,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the *ex parte* Amended Motion for Temporary Restraining Order (Doc. 3) filed by the Plaintiff, Samantha Surdin.

**I.   Background**

According to the allegations of the motion and the documents attached to it, Surdin lives in an apartment complex owned by Defendant Capfa Capital Corp. 2000F ("Capfa Capital") and managed by Defendant Asset Campus Housing, Inc. ("ACH"). In March of this year, a licensed clinical social worker, Janean Furdock, determined that Surdin suffered from a generalized anxiety order, which was negatively impacting her ability to succeed in school, to attend work, to socialize, and to sleep. Furdock determined that Surdin could benefit from an emotional support animal. Shortly thereafter, Surdin acquired such an animal – a female Labrador mixed breed dog named "Rockie" – and sought an exception to the Defendants' "No Pets" policy at her apartment complex. On March 22, counsel for the Defendants declined to provide such an accommodation at that time and requested additional information from Surdin. On May 2, 2016, Surdin received a seven-day notice to vacate, stating that she was violating her lease by keeping an unauthorized

pet in her apartment and giving her a week to remove the animal or face eviction.   On May 16, Surdin filed a complaint (Doc. 1), asserting violations of, *inter alia*, the Federal Fair Housing Act, 42 U.S.C. §3601 *et seq.* as well as the instant motion.

**II.       Legal Standards**

Rule 65(b)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that the Court may issue a temporary restraining order without notice to the adverse parties only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1).   Rule 65 further provides that every temporary restraining order issued *ex parte* must

> (A) state the reasons why it issued;
>
> (B) state its terms specifically; and
>
> (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

Fed.R.Civ.P. 65(d)(1).   Such an order binds only the following who receive actual notice of it:

> (A) the parties;
>
> (B) the parties' officers, agents, servants, employees, and attorneys; and
>
> (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Fed.R.Civ.P. 65(d)(2).   Finally, the Court may only issue a temporary restraining order if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.   Fed.R.Civ.P. 65(c).

### III.  Analysis

Upon review of the papers provided by Surdin, including her affidavit and that of Furdock, it appears that Surdin is disabled within the meaning of the FHA, in that her generalized anxiety disorder is substantially limiting a number of major life activities, including working and sleeping; that she requested a reasonable accommodation in the form of a waiver of the "No Pets" policy as to the emotional support animal recommended by her licensed clinical social worker, which would allow her to use and enjoy her apartment; and that the Defendants have so far refused to make the accommodation.  Based on this, the Court finds that she is likely to succeed on the merits of her FHA claim.  In addition, the Court finds that she faces a threat of imminent harm – either the loss of her emotional support animal or eviction.  Such an injury would outweigh the damage suffered by the Defendants of having an unauthorized animal on the premises while the instant matter is resolved.  And the Court sees no way in which the injunction would be adverse to the public interest.  Accordingly, it is hereby

**ORDERED** that the *ex parte* Motion for Temporary Restraining Order (Doc. 3) is **GRANTED**, and the Defendants, their officers, agents, servants, employees, and attorneys, as well as any other persons who are in active concert or participation with them, are hereby **TEMPORARILY RESTRAINED** from

a. Instituting eviction proceedings against Samantha Surdin for violation of her lease agreement in regards to her service animal; and

b. Enforcing penalties in regard to her service animal.   And it is further

**ORDERED** that, pursuant to Rule 65(c), on or before Friday, May 20, 2016, the Plaintiff shall deposit into the registry of the Court security in the amount of $500 to pay the costs and

damages sustained by either Defendant if it is determined that they were wrongfully restrained. And it is further

**ORDERED** that counsel for the Plaintiff shall serve a copy of the complaint, the motion for a temporary restraining order, and this order, upon the Defendants by the most expedient means.

This order will remain in effect until 9:30 a.m. on Friday, May 27, 2016, at which time a hearing will be held before the undersigned to determine whether this TRO should be converted to a preliminary injunction or terminated.[1]   Should the Defendants wish to do so, they may file a responsive memorandum on or before noon on Thursday, May 26, 2016.

**DONE** and **ORDERED** in Chambers, Orlando, Florida 5:10 p.m. on May 16, 2016.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] A separate notice of hearing will be issued.